IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 05-414 (PLF) |
| ) | |
| MARK SCOTT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO WITHDRAW GUILTY PLEA AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Mark Scott, through undersigned counsel, respectfully requests that this Court, pursuant to Federal Rule of Criminal Procedure 11(d), allow him to withdraw the guilty plea to Count Two of the Information that was previously entered in the above-captioned case and to vacate the sentencing scheduled in this matter.

**BACKGROUND**[1]

On January 26, 2006, a two-count Information was filed against Mark Scott charging him in Count One with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and in Count Two with Attempted First Degree Sexual Abuse, in violation of 22 D.C. Code §§ 3002(1) and 3018.

On January 26, 2006 Mr. Scott waived his right to a jury trial and entered a guilty plea to both counts of the Information. The Court accepted the plea and set sentencing for April 19,

---

[1] At the filing of this motion, counsel for Mr. Scott is not in possession of the transcript of the plea hearing, but has initiated the process for receiving it. Counsel reserves the right to supplement this pleading when the transcript of the plea colloquy is available.

2006. After a meeting with Mr. Scott at the jail during which he was despondent and non-responsive, counsel for Mr. Scott moved to continue the sentencing. Mr. Scott has since been placed in the mental health ward of the D.C. Jail and is under suicide observation.

At this time, Mr. Scott seeks to withdraw his plea of guilty to Count Two because he made the decision to plead guilty unintelligently, and without understanding how his emotional state was affecting him. As the Court is aware, in May, 2005, Mr. Scott was originally charged in Superior Court with the conduct contained in Count Two of the Information. Mr. Scott had always maintained his innocence in that matter until he was indicted federally. He was scheduled for a jury trial in Superior Court in that matter that was continued as a result of his guilty plea in this Court. The Superior Court matter currently remains active and is trailing the matter at hand.

Mr. Scott does not seek to withdraw his plea of guilty to the federal offense contained in Count One of the Information and continues to accept responsibility for that charge. However, he did not commit any sexual assault on Kimberly Willis and wishes to assert his right to trial in that matter.

## **ARGUMENT**

A motion to withdraw a guilty plea is governed by Federal Rule of Criminal Procedure 11(d) which provides in pertinent part: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows <u>any fair and just reason</u>." (emphasis added).

"Withdrawal of a guilty plea prior to sentencing is to be liberally granted, and permitted for 'any fair and just reason.'" <u>United States v. Taylor</u>, 139 F.3d 924, 929 (D.C. Cir. 1998) (quoting Fed.R.Crim.P. 32(e), which was subsequently re-codified in Fed.R.Crim.P. 11(d)).

Absent an abuse of discretion, a district court denial of a motion to withdraw a guilty plea will not be disturbed. See United States v. McKoy, 645 F.2d 1037, 1038 (D.C. Cir. 1981).

In exercising its discretion, there are three factors the Court should consider. First, the Court must focus on whether the defendant has asserted a viable claim of innocence. United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990). Mr. Scott claims innocence of the charge and recants statements he made during the guilty plea colloquy before this Court. Specifically, he asserts that he never committed an assault against Kimberly Willis or engaged in any sexual act against her will. Mr. Scott is alleged to have committed the crimes charged in a small apartment with other people present. These other people are willing to testify to corroborate that no assault took place.

Second, the Court must focus on whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014, 1017 (D.C. Cir. 1990). Mr. Scott submits that the government is not prejudiced. The Superior Court case charging Mr. Scott with offenses related to Count Two of the Information remains open. It involves one victim. There is no evidence to suggest that the government would be prejudiced in its ability to prosecute Mr. Scott by proceeding to trial in that matter now. The delay between the guilty plea and the motion to withdraw has been minimal– approximately three months. There is no suggestion that the government cannot proceed normally from this point with its prosecution of Mr. Scott on Count Two should the Court allow him to withdraw his guilty plea.

Third, the Court must focus on whether the plea was somehow tainted. United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993) (citing United States v. Horne, 987 F.2d 833, 837 (D.C. Cir. 1993)). Mr. Scott pled guilty to the non-federal charges contained in Count Two of the Indictment days prior to his scheduled trial in that matter. At the time of his guilty plea, Mr. Scott was extremely distraught. Though his distress alone does not create a constitutional taint to his plea, when coupled with his inability to reason through his decision to plead guilty, it becomes clear that Mr. Scott's decision was not intelligent. Although innocent, he mistakenly believed he could reconcile the sexual assault allegations with his acceptance of responsibility for possession of a firearm. He confides that he "pled guilty to one, because he was guilty of the other." Mr. Scott understands, at this time, that this reasoning is incorrect. Mr. Scott asserts that his plea was entered unconstitutionally because it was based upon an unintelligent choice. A plea of guilty is constitutionally valid if and only if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." United States v. McCoy, 215 F.3d 102, 107 (D.C. Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)). Mr. Scott was not required to plead guilty to all charges in order to plead guilty to one of them. In light of the misunderstanding under which Mr. Scott was operating at the time of his guilty plea, it would be just and fair to allow withdrawal of his guilty plea to Count Two of the Information.

Wherefore, for the foregoing reasons and for any other such reason as may appear to the Court in a hearing on this matter, Mark Scott respectfully requests that the sentencing date be vacated and that he be allowed to withdraw his guilty plea to Count Two of the Information.

          Respectfully submitted,

          A.J. KRAMER
          FEDERAL PUBLIC DEFENDER


          _____/S/_____
          Tony Axam, Jr.
          Assistant Federal Public Defender
          625 Indiana Ave., N.W., Ste. 550
          Washington, D.C. 20004
          (202) 208 7500 x.129