UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-414(PLF) |
| | : | |
| v. | : | |
| | : | |
| MARK SCOTT | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, opposes the defendant's motion to withdraw his guilty plea. The Government asserts the following in support of this opposition:

**FACTS OF THE CASE**

On January 26, 2006, while represented by counsel, the defendant entered a plea of guilty to a superceding information charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1), and Attempted First Degree Sexual Abuse, in violation of 22 D.C. Code §§ 3002; 3018.[1] The defendant pled guilty under oath and signed a written plea agreement. In addition, he agreed to a statement of facts in support of the guilty plea and assented to the same under oath. Furthermore, during the plea colloquy, when asked by the court, the defendant stated that he was satisfied with his attorney's representation, that he received no threats, coercion, or promises that convinced him to enter a plea of guilt, that it was his signature on the plea agreement, and that the facts proffered by the government were indeed true.[2] Finally, during a

---

[1] A copy of the plea agreement and factual proffer are attached hereto as Exhibit A and Exhibit B, respectively.

[2] Upon receiving the defendant's motion to withdraw his guilty plea, the government ordered the transcript of the January 26, 2006 proceeding. As of this writing the transcript has not been received. The government reserves the right to supplement this pleading when the transcript

presentence interview conducted on February 15, 2006, the defendant agreed with the conduct described in the plea proffer.[3]

Sentencing in this matter was scheduled for April 19, 2006. On April 7, 2006, this Court granted defendant's motion to continue sentencing, based upon the defendant's alleged mental health issues and defense counsel's need for additional time to review the presentence investigation report. On May 2, 2006, defendant filed a motion to withdraw his guilty plea to count two, Attempted First Degree Sexual Abuse. In the motion to withdraw guilty plea, the defendant – in a conclusory fashion – claims that he made the decision to plead guilty unintelligently, and without understanding how his emotional status was affecting him.

## APPLICABLE LEGAL STANDARDS

### A. Summary of Argument

Federal Rule of Criminal Procedure 11(d) allows the court to permit a defendant to withdraw his guilty plea if the defendant "shows any fair and just reason." United States v. Holland, 117 F.3d 589, 593 (D.C. Cir. 1997). The defendant however, has not advanced any such fair and just reason. There is no claim whatsoever of a defective Rule 11 plea inquiry. The claim that he made the plea "unintelligently" is disingenuous, vague and non-specific, is insufficient to justify a hearing, and is otherwise devoid of merit. Ultimately, the motion to withdraw the guilty plea is motivated by the defendant's displeasure with facing a significant term of imprisonment, and his desire to prolong this matter so that he can avoid being sentenced by this Court. Simply put, the defendant is behaving strategically at some cost to the Court and the Government and he is seeking to avoid the consequences of his crime by moving to withdraw his guilty plea.

---

of the plea proceeding becomes available.

[3] A copy of the presentence report is attached hereto as Exhibit C.

2

B.  Applicable Law

The "criminal process is not a chess game in which the defendant makes the first move by pleading guilty only to sit back and wait for the opponent to move, such as the preparation of the presentence report, and then upon reevaluation of the situation, attempt to withdraw his move because it did not bring what he considered to be the desired result." United States v. Underwood, 174 F.3d 850, 852 (7th Cir. 1999) (paraphrasing and quoting district court decision; internal quotations omitted). See United States v. Hyde, 520 U.S. 670, 676 (1997) ("After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," he should not be allowed "to withdraw his guilty plea simply on a lark."). Thus, "[n]o defendant has an absolute right to withdraw a guilty plea." Underwood, 174 F.3d at 852; United States v. Holland, 117 F.3d 589, 593 (D.C. Cir. 1997).

Even though a court has the discretion to permit a defendant to withdraw a guilty plea, the burden of persuasion rests with the defendant. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993). Three factors are typically considered. First, the defendant "must affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right to try his luck before a jury." United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000) (quoting United States v. Cray, 47 F.3d 1203, 1207 (D.C. Cir. 1995)). Second, a court considers the "prejudice to the public's legitimate interests as would arise if it were to grant the defendant's belated request to go to trial." United States v. Horne, 987 F.2d 833, 837 (D.C. Cir. 1993). Third, and most important, a court must determine whether there was some procedural or constitutional defect in the original plea. Id.; Cray, 47 F.3d at 1204-05, 1207-08 (affirming denial of motion to withdraw guilty plea "[p]rimarily because [the defendant] has not shown that his plea was entered in violation of Federal Rule of Criminal

Procedure 11," and noting that the third factor is the most important). In addition, the standard of review on appeal is that "once [this appellate court] conclude[s] that a plea was accepted in substantial compliance with Rule 11, [the Court] is 'extremely reluctant' to find that the district court abused its discretion in denying a plea-withdrawal motion 'even if the defendant makes out a legally cognizable defense to the charges against him.'" United States v. Hernandez, 79 F.3d 1193, 1195 (D.C. Cir. 1996) (quoting Cray, 47 F.3d at 1208).

## ARGUMENT

The first prong urges the court to analyze the defendant's motives or reasons for seeking to withdraw the guilty plea. Here, the defendant claims that he made the decision to plead guilty unintelligently, and without understanding how his emotional status was affecting him. The claim is disingenuous in the face of the defendant's admission under oath to the facts of the crime. Further, the defendant has waited until after preparation of the presentence report to protest innocence, and again, only after admitting to the United States Probation officer preparing the report that "[he] agreed with the conduct described in the Statement of Offense as presented to the Court prior to his guilty plea." Presentence Report § 15. In sum, the defense has not advanced a claim of objectively reasonable innocence, but merely has expressed a desire to try his luck before a jury. Such arguments are insufficient to establish reasonable cause and are otherwise devoid of merit as warned in the decision of United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000).

Defendant's claim that he made the decision to plead guilty unintelligently, and without understanding how his emotional status was affecting him, is further undermined by the fact that he only seeks to withdraw his guilty plea to *one* of the two counts he pled guilty to on January 26, 2006. The defendant makes no claim that his emotional status affected his ability to plead guilty count one of the superceding information, which makes his argument inherently suspect.

The second prong addresses delay between the guilty plea and the motion to withdraw and prejudice to the Government. The Government claims significant prejudice and notes that prejudice persists from more than just the mere passage of time. Here, the government took the unusual step of allowing the defendant to enter into a plea just days before trial in the Superior Court matter. It did so despite having (1) already begun preparing for trial, which included preparing the victim witness for testimony; and (2) filed and responded to motions. The government has suffered prejudice both from the mere passage of time and from the efforts it has already expended preparing for trial and devising a plea offer satisfactory to the defendant, the government, and the victim. Furthermore, the victim in this case was told that the defendant pled guilty, and in fact completed a Victim Impact Statement in preparation for the defendant's sentencing.

An analysis of the third and *weightiest* prong demonstrates that the defendant has failed to discharge his burden of demonstrating fair and reasonable cause to withdraw the guilty plea. Defendant contests neither the substance of the January 26, 2006 plea proceeding nor the manner in which it was conducted by the Court. As noted previously, the general denial in the motion to withdraw the guilty plea is bald and unsupported by any claim of a new legally cognizable defense, is essentially interposed on the eve of sentencing, and appears desperate, as well as fabricated, especially in the face of his admission of facts to the U.S. probation officer on February 15, 2006.

The only potential constitutional defect in the proceedings raised is one of an alleged unintelligent decision and a lack of understanding of the defendant's emotional state. These claims are vague and imprecise. The motion to withdraw makes no specific claim of lack of understanding of the proceedings, this Court's questions of the defendant, or the consequences of entering a plea of guilty. In short, such assertions - so short on detail and explanation - do not come close to establishing a constitutional or procedural defect in the plea.

WHEREFORE, the Government moves the court to deny the defense motion to withdraw guilty plea and to proceed with sentencing.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Federal Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail upon the attorney for the defendant, Tony Axam, this 9th day of May, 2006.

_____
Catherine Connelly
Assistant United States Attorney

Case 1:05-cr-00414-PLF    Document 12    Filed 05/09/2006    Page 7 of 7