# EXHIBIT B

FILED
JAN 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-414(PLF) |
| v. | : | |
| MARK SCOTT | : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

  A.  The essential elements of the offense of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) are:

    1.  That the defendant knowingly possessed a firearm;

    2.  That the firearm had been shipped or transported from one state to another; and

    3.  That, at the time the defendant possessed the firearm, the defendant had been convicted of a felony, that is, obstruction of justice.

  B.  The essential elements of the offense of Attempted First Degree Sexual Abuse, in violation of 22 D.C. Code Section 3002; 3018 are:

    1.  That the defendant attempted to cause the complainant to engage in a sexual act;

    2.  That the defendant did so by using force against the complainant. Force means the threatened use of a weapon, or the use of a threat sufficient to

1

coerce or compel submission by the victim;

or

That the defendant did so by threatening the complainant, or placing the complainant in reasonable fear that the complainant would be subjected to death, bodily injury, or kidnaping if she did not engage in or submit to the sexual act.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.  PENALTIES:

A.   Pursuant to 18 United States Code §922 and § 924, Count One carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release.

B.   Pursuant to 22 D.C. Code § 3002 and § 3018, the offense of Attempted First Degree Sexual Abuse carries a maximum sentence of 15 years imprisonment, a fine not to exceed 125,000 and up to three years supervised release.

IV.   FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On May 30, 2005, at approximately 11:30 p.m., the defendant saw Kimberly Willis, his former girlfriend and mother of his three year old child, standing at a bus stop near the corner of Minnesota and Pennsylvania Avenues, Southeast, Washington, D.C. Defendant pulled up to Ms. Willis in a van and forced Ms. Willis into the van by grabbing and choking her neck and

2

assaulting her. Defendant told Ms. Willis he was going to shoot and kill her. Defendant then drove Ms. Willis to 3693 Jay Street, Northeast, Apartment 202, where he had been living with his sister. A police cruiser drove past the defendant's van while he and Ms. Willis were parked outside of defendant's residence. Defendant told Ms. Willis that he would kill her and the police officer if the officer approached his van. Ms. Willis believed defendant was armed because of his statements and because she knew defendant possessed a firearm in the past.

Defendant then took Ms. Willis into his residence, apartment number 202. Once inside, defendant spoke to his sister, Kelly Hayes, and his sister's boyfriend, both of whom were in the bedroom. The bedroom was separated from the living room area by a door. Defendant and Ms. Willis remained in the living room area of the apartment, where they talked for a while. Defendant tried to convince Ms. Willis to get back together, but Ms. Willis refused. Sometime after midnight, defendant removed a 12 gauge shotgun from underneath a sofa, pointed the gun at Ms. Willis' head, and ordered her to take off her clothes. Fearing for her life, Ms. Willis complied. Defendant then raped Ms. Willis by forcing her to have oral sex. Afterwards, Ms. Willis asked defendant to take her home, but defendant refused, saying he would only take her to her new home: the cemetery. Again fearing for her life, Ms. Willis agreed to stay inside the apartment. Ms. Willis did not report the sexual assault to anyone in the apartment because she feared for her life.

Around 1:00 p.m. on May 31, 2005, the defendant drove Ms. Willis to her home. Defendant then left to take Ms. Willis' child to a doctor's appointment. Immediately after defendant left, Ms. Willis reported the sexual assault to her sister and friend, and one of them called the police to report the assault. After being interviewed by police, Ms. Willis was taken to

3

the hospital for examination and treatment. While waiting to be seen, defendant called Ms. Willis from the police station and asked her why she was pressing charges against him.

Defendant was arrested and gave a statement, which was video taped. Defendant claimed that his sexual contacts with Ms. Willis were consensual.

Defendant again called Ms. Willis from jail and asked her not to pursue the case.

On Wednesday, June 1, 2005, members of the Metropolitan Police Department responded to 3693 Jay Street, NE, apartment 202, and arrested the defendant. After the defendant was arrested, his sister gave MPD written consent to search the apartment. The defendant also consented to the search, and called his sister from the station and told her to give the officers his shotgun. During the search the officers recovered a black duffle bag containing a Maverick model 88 12 gauge shotgun with no serial number and 23 shotgun shells. These items were found underneath the sofa in the living room.

The defendant waived his rights and provided a videotaped statement in which he admitted that he owned a shotgun which could be found underneath the sofabed in his sister's living room. The defendant knowingly and intentionally possessed the Maverick model 88 12 gauge shotgun with no serial number and 23 shotgun shells. The Maverick model 88 12 gauge shotgun with no serial number and 23 shotgun shells traveled from another state into the District Columbia on or before June 1, 2005.

At the time of his arrest, the defendant had the following criminal convictions: obstruction of justice and simple assault (D.C. Superior Court Case F-7311-94), carrying a pistol without a license and attempted unauthorized use of a vehicle (D.C. Superior Court Case F-5410-92), possession with the intent to distribute heroin (D.C. Superior Court Case F-5268-02), and escape

(D.C. Superior Court Case F-2870-03.

                          Respectfully submitted,

                          KENNETH L. WAINSTEIN
                          United States Attorney
                          Bar No. 451058

                          Catherine K. Connelly
                          Assistant United States Attorney
                          Major Crimes Section, Mass. Bar No. 649430
                          555 4th Street, N.W. #4844
                          Washington, DC 20001
                          Phone: 616-3384
                          Fax: 353-9414

                          Toni Florence by CKC
                          Toni Florence
                          Assistant United States Attorney
                          Sex Offense Section
                          555 4th Street, N.W. #4844
                          Washington, DC 20001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Tony Axam, this 23rd day of January, 2006.

                          Catherine Connelly
                          Assistant United States Attorney