IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 05-414 (PLF) |
| ) | |
| MARK SCOTT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM IN AID OF SENTENCING**

Defendant, Mark Scott, through undersigned counsel, submits the following memorandum in aid of sentencing in this matter. Mr. Scott requests this Court impose sentences to be served concurrently for the two offenses to which he pled guilty.

Mark Scott appears for sentencing having pled guilty to Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year in violation of 18 U.S.C. § 922(g) and Attempted First Degree Sexual Abuse in violation of 22 D.C. Code §§ 3002(1) and 3018.

The United States Sentencing Guideline provisions applicable to Mr. Scott's federal offense provide for an increased base offense level for a firearm where that firearm is used in connection with the commission of another offense. See U.S.S.G. § 2K2.1(c)(1). The increased base offense level is determined by applying U.S.S.G. § 2X1.1 (Attempt Solicitation, Conspiracy (Not Covered by a Specific Guideline)). Section 2X1.1 instructs that the base offense level should be "from the guideline for the substantive offense, plus any adjustments." If the substantive offense is not covered by a specific guideline, then the "most analogous offense guideline" should be used to calculate the base offense level. See U.S.S.G. § 2X1.1, n. 3; U.S.S.G. § 2X5.1.

In the immediate case, the Probation Office incorrectly identifies the substantive offense underlying the most analogous offense guideline that should be used to determine Mr. Scott's base offense level.  The Probation Office identifies U.S.S.G. § 2A4.1(a) (Kidnapping, Abduction, Unlawful Restraint) as the most analogous substantive offense to Mr. Scott's "conduct."  The Probation Office indicates that a preponderance of the evidence supports application of the guideline provision it uses.  Mr. Scott respectfully disagrees.

The most analogous offense guideline should not be determined based upon relevant conduct.  Rather, U.S.S.G. § 2X1.1 indicates that "'[s]ubstantive offense,' as used in this guideline, means the offense that the defendant was <u>convicted</u> of soliciting, attempting, or conspiring to commit."  U.S.S.G. § 2X1.1, n. 5 (emphasis added) n. 5.  Mr. Scott appears for sentencing convicted of attempted first degree sexual abuse.  The most analogous offense guideline for this crime is U.S.S.G. §2A3 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse).[1]

Under U.S.S.G. §2A3, the base offense level is 30.  Four points are added to the base offense level pursuant to U.S.S.G. §2A3.1(b)(5) because the victim was abducted, thereby yielding a total offense level of 34 and not 40 as calculated in the current presentence investigation report.  Subtracting three points for acceptance of responsibility yields an adjusted offense level of 31.  A criminal history category of V, coupled with an offense level of 31 yields a sentencing guideline range of 168 to 210 months.  Mr. Scott respectfully urges the Court to amend the presentence investigation report to reflect the correct guideline range calculations.

---

[1]   The language of 22 D.C.Code § 3002(1) (First Degree Sexual Abuse) parallels the language of 18 U.S.C. § 2241.  Section 2241 references U.S.S.G. § 2A3.1 as the applicable guideline provision.  It would thus be the most analogous offense guideline for Mr. Scott's substantive offense.

Mr. Scott recognizes that because the calculated guideline range is higher than the statutory maximum for the federal offense, that the adjusted guideline range becomes the statutory maximum of 120 months.

The District of Columbia voluntary sentencing guideline range for the D.C. Code offense to which Mr. Scott pled guilty is 36 to 78 months incarceration. Mr. Scott does not object to this guideline calculation. With regard to this offense, he requests a sentence of 36 months, to be served concurrently with his federal offense. Mr. Scott urges the Court to recognize that the federal sentencing guideline range takes into account the substantive crime in which the firearm was used, namely the attempted rape. It is for this reason that under the federal sentencing guidelines Mr. Scott's base offense level increases and he reaches the statutory maximum of 120 months.

As the Court is aware, none of the guidelines applicable in this case are mandatory. United States v. Booker, 543 U.S. 220 (2005). Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner. A sentence within the guideline range of 120 months on Count I, and 36 months to be served concurrently on Count II, is adequate to realize the statutory purposes of sentencing in Mr. Scott's case.

Mr. Scott is thirty eight years old. Records from the D.C. Jail indicate that Mr. Scott suffers from depression and is currently prescribed anti-depressant medication. He is under

observation at the jail so that he does not harm himself.  Mr. Scott does not seek to minimize his crimes.  His actions were wrong, hurt someone he cared for, and he now stands ready to accept the consequences of his actions. Those consequences include a sentence of incarceration that will incarcerate him for a great part of his productive life.

    A sentence within the federal guideline range will certainly reflect the seriousness of Mr. Scott's crime, punish him, and remove him from society for an extended period.  It will serve as a lengthy reminder to Mr. Scott that his criminal history places him in a category that will from henceforth result in a harsh sentence of imprisonment should he ever violate the law again.  Also, with mental health counseling in prison, perhaps Mr. Scott will begin to recognize how he is perceived by others, and thereby be able to conform his behavior in ways that are productive for him and the people for whom he cares.  His removal from society will, at a minimum, provide him the time he needs to reflect upon the type of person he has been and would like to become.

    Mr. Scott understands that he faces a sentencing guideline range requiring imprisonment in this matter with a period of supervised release to follow.  He recognizes the poor choices he has made in the past have placed him in this position and he has demonstrated his remorse for his actions by accepting responsibility in this matter and not taking the victim through the anguish of a trial.  Having committed acts of which he is ashamed, he seeks recognition that there is some hope that he can readjust his perspective and improve his condition.  A sentence within the federal guideline range, with D.C. Code offenses running concurrently, would acknowledge that hope while serving society's interest in punishing him.

WHEREFORE, Mr. Scott does not seek a variance below the federal sentencing guideline range of 120 months. Rather, Mr. Scott respectfully requests that the Court impose a sentence within the federal guideline range and to impose a sentence on the D.C. Code offense of 36 months to be served concurrently, for a total period of incarceration of 120 months. Mr. Scott also respectfully requests that this Court recommend that he receive mental health counseling while incarcerated.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        /s/
        Tony Axam, Jr.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, DC  20004
        (202) 208-7500