UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   Criminal No. 05-0414 (PLF)
                                    )
MARK SCOTT,                         )
                                    )
        Defendant.                  )
_____ )


MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant Mark Scott's *pro se* motion to reduce his sentence. The government opposes the motion. Upon consideration of the parties' written submissions, the relevant case law, and the entire record in the case, the Court will deny the motion.[1]

I. BACKGROUND

The defendant pleaded guilty to one count of unlawful possession of a firearm and ammunition by a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and one count of attempted first degree sexual abuse, in violation of D.C. Code §§ 22-3002 and 22-3018 (Count Two). Plea Agreement ¶ 1. Under the terms of the plea agreement, the parties

---

[1] Relevant papers reviewed by the Court with respect to this matter include the Defendant's Motion to Reduce Sentence [Dkt. No. 22] ("Mot."); the Government's Opposition to Defendant's Motion to Reduce Sentence [Dkt. No. 25] ("Opp."); the Plea Agreement [Dkt. No. 8]; the Presentence Investigation Report ("PSR"); the Government's Motion for Guidelines Credit and Memorandum in Aid of Sentencing [Dkt. No. 14] ("Gov. Mem. in Aid of Sentencing"); Defendant's Memorandum in Aid of Sentencing [Dkt. No. 16] ("Def. Mem. in Aid of Sentencing"); and the Judgement and Commitment [Dkt. No. 19]("J&C").

agreed to let the Court determine the applicable sentence for each count, id. ¶ 8, but the government recommended that the Court sentence the defendant to 120 months' imprisonment on Count One -- the statutory maximum -- and 36 months' imprisonment on Count Two, with the terms to be served consecutively. See Gov. Mem. in Aid of Sentencing at 1. The defendant argued for the same length of imprisonment, but asked the Court to permit him to serve the sentences concurrently. See Def. Mem. in Aid of Sentencing at 4-5. The Court ultimately sentenced the defendant to 120 months' imprisonment on Count One and 78 months' imprisonment on Count Two, the terms to be served consecutively. J&C at 2.

The defendant now asks the Court to reduce his sentence to match the government's recommendation of 120 months on Count One and 36 months on Count Two. Mot. at 1. The government opposes the defendant's motion, arguing that the Court has no authority to modify the defendant's sentence and that, even if it did, the defendant has not presented any new information warranting a reduction in his sentence. Opp. at 3-5. The Court agrees with the government and finds that it lacks the authority to modify the defendant's sentence.

## II. DISCUSSION

The defendant does not specify the authority under which the Court may consider his motion. Because "*[p]ro se* litigants are allowed more latitude than litigants represented by counsel," however, the Court will consider the defendant's request in light of the two methods through which a district court may modify a previously imposed sentence. Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993); see also United States v. Akers, 519 F. Supp. 2d

94, 95 (D.D.C. 2007) ("Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance."). While a district court has authority in some circumstances to modify a defendant's sentence under 18 U.S.C. § 3582(c) and under 28 U.S.C. § 2255, neither provision applies to this case.

### A. 18 U.S.C. § 3582(c)

Section 3582(c) permits a Court to modify a sentence after it has imposed that sentence in three instances: (1) on the motion of the Bureau of Prisons based on the defendant's age or extraordinary circumstances; (2) "to reflect a post-sentence reduction in the applicable sentencing guidelines"; and (3) to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. See United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997) (citing 18 U.S.C. § 3582(c)). As explained below, the Court finds that the defendant does not satisfy any of these provisions.

First, the Court may modify a sentence on the motion of the Bureau of Prisons only if "extraordinary and compelling reasons warrant such a reduction" or if the defendant is over the age of 70, has served at least 30 years in prison, and the Director of the Bureau of Prisons has determined that he is no longer a danger to the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Morris, 116 F.3d at 504. The Bureau of Prisons has not made such a motion in this case. In any event, the defendant is not over 70 years of age and does not suggest that extraordinary circumstances apply to his case. Accordingly, this provision does not apply to him.

Second, the Court may modify a defendant's sentence "to reflect a post-sentence reduction in the applicable federal sentencing guidelines." United States v. Morris, 116 F.3d at 504 (citing 18 U.S.C. § 3582(c)). Prior to sentencing in this case, the parties debated which guideline the Court should apply regarding Count One. The defendant argued in favor of Section 2A3.1, which would have yielded a total offense level of 34, less three levels for acceptance of responsibility, resulting in an adjusted offense level of 31 -- which in view of the defendant's criminal history (Criminal History Category V) -- resulted in a guidelines sentencing range of 168 to 210 months. See Def. Mem. in Aid of Sentencing at 2. The government argued that the Court should apply Section 2A4.1, yielding a total offense level of 40, less three levels for acceptance of responsibility for an adjusted offense level of 37 with an associated sentencing range of 324 to 405 months. See Gov. Mem. in Aid of Sentencing at 4; PSR ¶¶ 29, 89. The Court agreed with the government, but because both calculations exceeded the statutory maximum for a conviction under 18 U.S.C. § 922(g)(1), the Court ultimately imposed the statutory maximum term of 120 months. See J&C at 2; U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). The question of which guideline applies to the defendant therefore is irrelevant.[2]

On Count Two, which the parties agreed qualified as a Class 6 felony under the District of Columbia Voluntary Sentencing Guidelines, see Def. Mem. in Aid of Sentencing at 3, Gov. Mem. in Aid of Sentencing at 5, PSR ¶ 93, the Court adhered to the District of Columbia

---

[2] Furthermore, the United States Sentencing Commission has not lowered the guidelines sentencing range applicable to either U.S.S.G. § 2A3.1 or U.S.S.G. § 2A4.1; as such, neither falls under the purview of Section 3582(c)(2).

4

voluntary sentencing range of 36 to 78 months.  While it is unclear whether 18 U.S.C. § 3582(c)(2) even applies to sentences imposed pursuant to the District of Columbia Code and not governed by the United States Sentencing Guidelines, the District of Columbia Sentencing and Criminal Code Revision Commission has not altered the sentencing range applicable to a Class 6 felony.  Accordingly, because none of the sentencing ranges applicable to the defendant has been lowered, 18 U.S.C. § 3582(c)(2) does not apply to his case.

Finally, the Court may modify a sentence in accordance with Rule 35 of the Federal Rules of Criminal Procedure.  See 18 U.S.C. § 3582(c)(1)(B).  Rule 35 permits the Court to modify a sentence in two circumstances:  (1) when, within 14 days of imposing the sentence, the Court determines that it has made an arithmetic, technical, or other clear error in calculating that sentence; and (2) on the government's motion asking the Court to reduce a defendant's sentence based on the defendant providing "substantial assistance" to the government.  FED. R. CRIM. P. 35(a)-(b).  The defendant does not argue that the Court erred in calculating his sentence and, regardless, more than 14 days have elapsed since the sentence was imposed.  Similarly, the defendant does not suggest that he has provided any assistance to the government, and the government has not moved for a reduction of the defendant's sentence on this basis.  See In Re Sealed Case No. 97-3112, 181 F.3d 128, 136 (D.C. Cir. 1999) ("[A] court may depart for substantial assistance only upon the filing of an appropriate motion by the government.").  Rule 35 thus is of no help to the defendant.

## B.  28 U.S.C. § 2255

The Court also declines to recharacterize the defendant's motion as an application for relief under 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified in various sections of Title 28 of the United States Code), bars a litigant from filing a "second or successive" Section 2255 motion "absent exceptional circumstances and certification by" the court of appeals.  See United States v. Palmer, 296 F.3d 1135, 1144-45 (D.C. Cir. 2002); see 28 U.S.C. § 2255(h).  The Supreme Court therefore has held that a district court cannot recharacterize a *pro se* litigant's motion as a "first" Section 2255 motion unless the court

> notif[ies] the *pro se* litigant that it intends to recharacterize the pleading, warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro v. United States, 540 U.S. 375, 383 (2003).

Under the AEDPA, the court of appeals may grant a litigant leave to file a second or successive Section 2255 motion only if the motion is based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Fashina, 486 F.3d 1300, 1302 (D.C. Cir. 2007) (quoting 28 U.S.C. § 2255).  The defendant does not allege that any of the provisions of Section 2255 apply to his case: he does not suggest that the sentence imposed was unconstitutional, that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law.

Furthermore, the defendant does not even seek the full amount of relief contemplated by Section 2255, which is the right to be released from prison.  Rather, he only asks the Court to reduce his sentence by 42 months.  In these circumstances, the Court is unwilling to recharacterize his motion as one brought under Section 2255.  Compare Douglas v. United States, 306 F. Supp. 2d 16, 18 (D.D.C. 2004) (refusing to recharacterize a defendant's *pro se* motion as one for relief under 28 U.S.C. § 2255 when the defendant "[did] not invoke that statute" in his letter to the court and the court was unwilling to foreclose the defendant's ability to file future Section 2255 claims), with United States v. Akers, 519 F. Supp. 2d 94, 96 (D.D.C. 2007) (recharacterizing a defendant's motion as one brought under Section 2255 when it was clear that the defendant was claiming constitutional error based on an alleged violation of his Sixth Amendment right to effective assistance of counsel).

III.  CONCLUSION

The Court commends the defendant for his rehabilitation efforts while incarcerated and encourages him to continue his positive steps.  The Court declines, however, to modify the defendant's sentence because it does not have authority to do so:  none of the situations included under 18 U.S.C. § 3582(c) apply to this case, and recharacterizating the motion as one under 28 U.S.C. § 2255 would be inappropriate in these circumstances.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the defendant's motion to reduce his sentence [22] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 23, 2010